# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DARON NESBITT, | ) | CASE NO. 4:15CR18 |
| | ) |              4:16CV2604 |
|          Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER AND JUDGMENT ENTRY |
|          Respondent. | ) | |

The instant matter is before the Court upon Petitioner Daron Nesbitt's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 35. Nesbitt has also sought to supplement and/or amend his petition. Doc. 37. The motion to supplement is GRANTED. The petition is DENIED.

Nesbitt raises three grounds for relief in petition and supplement. However, all three grounds revolve around the same argument, namely that his prior convictions were improperly found to be predicate offenses that supported imposition of the Guidelines career offender enhancement. This Court finds no merit in Nesbitt's reliance on *Mathis v. United States*, 136 S. Ct. 2243 (2016).

> He relies on *Mathis v. United States*, 579 U.S. ____, 136 S. Ct. 2243, 195 L.Ed. 2d 604, 610 (2016), for its insistence that courts must use the "categorical" approach in applying the career offender guidelines.
>
> Mr. Jones is not entitled to relief for a number of reasons. First of all, Mathis did not change the law with respect to "generic" offenses, but reinforced what the Court had held in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Second, the

1

categorical approach does not apply to the definition of controlled substance offenses, but only to the "violent felony" offenses in § 4B1.1(a).

*United States v. Jones*, No. 1:06-CR-073, 2016 WL 6566676, at *2 (S.D. Ohio Nov. 4, 2016), *report and recommendation adopted*, No. 1:06-CR-073, 2016 WL 6993399 (S.D. Ohio Nov. 30, 2016). A colleague in the Southern District of Ohio has also addressed the precise argument raised by Nesbitt herein.

> *Mathis* is not at all concerned with the question raised in this Motion to Vacate. Rather, it sharpened the Supreme Court's analysis of what counts as a prior violent felony under the Armed Career Criminal Act ("ACCA"). Jones was not charged or sentenced under the ACCA, but under the Career Offender portion of the Sentencing Guidelines. The Guidelines' definition of a prior "crime of violence" parallels the definition of "violent felony" under the ACCA. U.S.S.G. § 4B1.2(a). However, its definition of "controlled substance offense" is separate in § 4B1.2(b) which provides:
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> Determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under this Guideline does not require comparing the elements of the offense with any "generic" controlled substance offense.

*United States v. Jones*, No. 1:06–CR–073, 2016 WL 6993399, at *1–2 (S.D. Ohio Nov. 30, 2016). Accordingly, there is no merit in Nesbitt's arguments surrounding his prior drug convictions, and Nesbitt is therefore not entitled to relief.

Furthermore, in the instant matter, there is no dispute that Nesbitt's prior conviction for felonious assault was properly determined to be a predicate offense. As such, Nesbitt needed only one additional predicate offense. Nesbitt's 2009 conviction for aggravated trafficking in drugs was a conviction under Ohio Revised Code § 2925.03(A)(2). Sixth Circuit precedent leaves no doubt that such a conviction is a predicate offense. *See, e.g., United States v. Wright*, 43 Fed.Appx. 848, 852-53 (6th Cir. 2002); *see also United States v. Robinson*, 333 Fed.Appx. 33, 35-36 (6th Cir. 2009)

2

("Because § 2925.03(A)(2) includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."); *United States v. Karam*, 496 F.3d 1157, 1167 (10th Cir. 2007) (holding that "[t]here can be no dispute that" a conviction under Ohio R.C. § 2925.03(A)(2) is a controlled substance offense). Accordingly, the Court need not review Nesbitt's faulty contentions regarding his other prior convictions. Under Sixth Circuit precedent, he has at least two qualifying convictions. As Nesbitt was properly determined to be a career offender, all three of his grounds for relief must fail.

### III. CONCLUSION

For the foregoing reasons, Petitioner Daron Nesbitt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: October 5, 2017   /**s**/ *John R. Adams*
   **JOHN R. ADAMS**
   **UNITED STATES DISTRICT JUDGE**